IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITHERO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| ASTRAZENECA | ) |
| PHARMACEUTICALS LP | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>COMPLAINT UNDER SEAL</u>**

Plaintiff Lithero, LLC moves for an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. LR 5.1(a), substantially similar to the proposed Order attached hereto, permitting the filing of its Complaint under seal. Lithero respectfully seeks to file its Complaint under seal to protect its confidential business information, including information related to certain confidential business discussions. The grounds for this motion are set forth below.

1. This is an action for misappropriation of trade secrets, breach of contract, and breach of the implied covenant of good faith and fair dealing based on Defendant AstraZeneca Pharmaceuticals LP's fraudulent campaign to induce Lithero into sharing trade secrets related to its proprietary Artificial Intelligence ("AI") offering, LARA. In support of Lithero's claims, the Complaint discloses details of confidential discussions between Lithero and AstraZeneca, all of which were conducted under the provisions of a strict reciprocal confidentiality agreement ("RCA").

2. Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records,

for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). Moreover, it is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Id.*

3. With these principles in mind, Lithero respectfully requests that the Court grant its motion for leave to file its Complaint under seal. The information and documents in question refer to discussions between the parties pursuant to the RCA. The RCA contains a confidentiality provision that makes explicit all such discussions are confidential and should be treated as such. Lithero therefore seeks to file the Complaint under seal.

4. In accordance with D. Del. LR 5.1.3, Lithero will file a public version of the Complaint, with the confidential information redacted, within seven days.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200 |
| Jonathan G. Graves<br>Stephen Crenshaw<br>COOLEY LLP<br>Reston Town Center<br>11951 Freedom Drive<br>14th Floor<br>Reston, VA 20190-5640 | *Attorneys for Plaintiff* |
| December 20, 2019 | |