IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITHERO, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>ASTRAZENECA<br>PHARMACEUTICALS LP,<br><br>           Defendant. | Civil Action No. 19-2320-RGA |

MEMORANDUM ORDER

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 17). I have considered the parties' briefing. (D.I. 18, 29, 35). Defendant argues that (1) Plaintiff has failed to plead a plausible trade secret misappropriation claim, (2) Plaintiff has failed to plead a plausible breach of contract claim, and (3) Plaintiff has failed to plead a plausible implied covenant of good faith and fair dealing claim. (*See* D.I. 18). Thus, Defendant contends that Plaintiff's complaint should be dismissed. (*Id.* at 17).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a

1

facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Defendant argues that Plaintiff's complaint should be dismissed because it does not plausibly plead a trade secret misappropriation claim. (D.I. 18 at 9). Count I of Plaintiff's complaint claims that Defendant misappropriated trade secrets in violation of the federal Defend Trade Secrets Act ("DTSA").[1] (D.I. 2 at ¶¶ 117-27). To adequately plead trade secret misappropriation under the DTSA, "a plaintiff must identify a trade secret with sufficient particularity so as to provide notice to a defendant of what he is accused of misappropriating and for a court to determine whether misappropriation has or is threatened to occur." *Progressive Sterilization, LLC v. Turbett Surgical LLC*, 2020 WL 1849709, at *6 (D. Del. Apr. 13, 2020), *report and recommendation adopted*, 2020 WL 3071951 (D. Del. June 10, 2020). "Courts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 755 F. Supp. 635, 636 (D. Del. 1991). I granted Plaintiff's motion for leave to file its complaint under seal (D.I. 1) to avoid any possible public disclosure. (*See* D.I. 5).

---

[1] Defendant's motion likewise addresses Count II of Plaintiff's complaint, which alleges trade secret misappropriation under the Delaware Uniform Trade Secrets Act ("DUTSA"). (D.I. 18 at 9). For the purpose of this Order, I will only consider Count I of Plaintiff's complaint.

2

Despite being filed under seal, Plaintiff's complaint describes the alleged trade secrets in broad terms.  The complaint involves "Lithero's Automated Regulatory Assistant" a/k/a LARA.  The complaint alleges that the "process by which LARA learns from the content is proprietary and highly confidential."  (D.I. 2 at ¶ 19).  The complaint claims that "insight into the materials and methods used to train LARA" was disclosed to Defendant in an email.  (*Id.* at ¶ 50).  Plaintiff alleges that confidential and proprietary information regarding "how LARA is trained and what parameters affect learning" was also disclosed to Defendant in a teleconference.  (*Id.* at ¶ 56).  The complaint also alleges that Plaintiff "shared [with Defendant] highly confidential and proprietary information regarding years of past research and development, the current capabilities of LARA coming as a result of that research and development, and detailed plans for future areas of growth."  (*Id.* at ¶ 58).  Plaintiff similarly claims to have shared with Defendant proprietary and confidential information regarding "LARA's capabilities, the training process, data processing approach, LARA's comment response system, and other design and development aspects of LARA."  (*Id.* at ¶ 63).

Plaintiff's complaint points to large, general areas of information that Plaintiff alleges to have shared with Defendant, but does not identify what the trade secrets are within those general areas.  Without knowing, for example, what about LARA's training process is a trade secret, Defendant is not put on sufficient notice of what it is accused of misappropriating.  Thus, Plaintiff's complaint does not adequately plead which, if any, trade secrets were misappropriated.  Claim I of Plaintiff's complaint is therefore dismissed.

The instant suit came into this Court as a federal question case.  (*See* D.I. 2 at ¶ 114).  Under 28 U.S.C. § 1331, I have original jurisdiction over the DTSA claim, and pursuant to § 1367(a), I have supplemental jurisdiction over the other claims in the complaint, which arise

from state law.  If a "district court has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction over a claim." § 1367(c)(3); *see Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009).  I have dismissed the only claim over which I have original jurisdiction, and I decline to exercise supplemental jurisdiction over the remaining claims.  Thus, the state law claims are also dismissed.

      For the foregoing reasons, Defendant's motion to dismiss (D.I. 17) is **GRANTED** and Plaintiff's complaint (D.I. 2) is **DISMISSED WITHOUT PREJUDICE**.

Entered this 13th day of August, 2020.

/s/ Richard G. Andrews
United States District Judge